[L. A. No. 4011. Department One.—May 18, 1917.]

JOHN A. PAYNE, Respondent, v. ROSE M. CUNNINGHAM, Administratrix of the Estate of C. B. Cunningham, Deceased, Defendant, Cross-complainant and Appellant.

BUILDING CONTRACT — EMPLOYMENT OF SUPERINTENDENT — PERCENTAGE ON COST—MAXIMUM CONTRACT PRICE.—A contract employing a superintendent for the construction of a building, and agreeing to pay him a percentage upon the cost provided the structure was completed for an amount not exceeding a stated sum, and further providing that should the superintendent fail to keep within the maximum cost, "then no charge shall be made for such superintendence for such excess," should not be construed as releasing the owner from the obligation to pay the percentage charge on the maximum cost fixed by the contract, in the event the cost exceeded that amount, but that as to such excess only no charge should be exacted by the superintendent.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Tanner, Odell, Odell & Taft, and S. W. Odell, for Appellant.

Charles S. McKelvey, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—Plaintiff brought this action alleging a breach of contract on the part of C. B. Cunningham (now deceased, and for whom his administratrix has, pending suit, been substituted), in that he had failed to complete the alteration and construction of certain buildings within the time and for the amount agreed upon, to plaintiff's damage in the sum of four thousand dollars.

With his answer denying the material allegations of the complaint, defendant Cunningham filed a cross-complaint wherein he alleged that by an agreement in writing plaintiff employed him to superintend the construction and alteration of certain buildings, and for his services agreed to pay him upon completion thereof ten per cent of the total cost, which cost was $9,848.31, and for which percentage therein, amounting to $984.83, notice of claim of lien was duly filed. For a second cause of action, cross-complainant alleged that under the authority of plaintiff and for his use and benefit he paid out and expended for labor and material used in the construction of said buildings $421.47, no part of which has been paid and for which and the sum of $984.83 he prayed judgment against plaintiff, and asked that the later sum be declared a lien upon the property, foreclosure of which was sought. The answer to the cross-complaint admitted the making of the contract whereby defendant was to receive ten per cent of the total cost of the building, but alleged that by the terms of the contract defendant and cross-complainant agreed that the maximum cost of the building should not exceed seven thousand four hundred dollars, and that defendant was to have no compensation for his services if the cost of construction and alteration exceeded said sum. As to the second cause of action the answer does not deny that cross-complainant, *under the authority* of plaintiff, paid out for labor and material used in the erection and construction of said buildings the sum of $421.47, but merely denies that such sum is due cross-complainant from plaintiff for labor and material used.

The court found that the parties entered into a written contract, the substance of which is as follows: Cunningham

was to "obtain bids and subcontracts, for and in the name of the party of the first part (Payne) covering the furnishing of such materials and labor as may be required in the construction and alteration of said buildings, and any and all bids and subcontracts must be approved and signed by the party of the first part." Cunningham agreed "to furnish a bond of two thousand ($2000) dollars to insure the correctness of materials and the faithful performance of workmanship, also the completion of the construction and alteration of said buildings within the maximum cost of seven thousand four hundred ($7400.00) dollars, including his compensation for managing the construction and alteration of said buildings, . . . and have the construction and alteration of said buildings completed within (90) days from the date of signing this agreement." Payne agreed "to promptly pay all bills for material and labor when same are accompanied by an order stating the amount of the said bill and signed by the party of the second part (Cunningham)." Payne also agreed to "pay the party of the second part as compensation for his services the sum of ten (10%) of the total cost of the buildings upon completion, provided the party of the second part completes said buildings within the maximum cost above mentioned. Should he fail to keep within the above mentioned maximum cost then no charge shall be made for such superintendence for such excess." The court, reciting that oral and documentary evidence was introduced, further found that Cunningham did not agree to complete the construction and alteration of the buildings mentioned in the contract within a maximum cost of seven thousand four hundred dollars or any other sum; that he did not give the bond mentioned in the contract; that plaintiff allowed him to proceed with the prosecution of the work without giving a bond; that while it was true that Cunningham agreed to complete the construction and alteration of the buildings within ninety days from the date of the contract, such agreement was conditioned upon Payne, the owner, complying with certain provisions thereof, among which was one that cross-complainant should be allowed to obtain the bids and subcontracts covering the furnishing of materials and labor, instead of which, however, Payne himself assumed the procuring of such contracts and, in one instance, without cross-complainant's knowledge or consent, let a contract for

plumbing which was not completed within the time allowed by the terms of the contract for the entire completion of the construction and alteration of the buildings, and that Payne was not damaged by any delay on the part of Cunningham to complete the building within the time mentioned in the contract; that it is true that the total cost of said construction and alteration was the sum of $9,848.31, and also true that Payne "signed all subcontracts that were in writing, and had knowledge of all subcontracts let without writing, and had opportunity to know the amounts thereof, and made no objection thereto until the said buildings were completed, and that during the construction of said buildings he himself was present, observing the said construction and taking part in the ordering of materials and letting of subcontracts"; that Cunningham "entered upon the duties prescribed in said contract and continued to perform said duties until said buildings were entirely completed according to the plans and specifications as modified by plaintiff," for which he has received no compensation; and that Cunningham "paid out for labor and material used in said building over and above the moneys received by him from plaintiff the sum of four hundred and twenty-one and 47/100 ($421.47) dollars." Claim of lien for the $984.83 was duly filed.

Upon these findings the court rendered judgment denying plaintiff's right to recover anything upon his complaint, and, as to defendant, likewise denied recovery upon the cross-complaint of her intestate other than an award of ten dollars costs. From judgment so denying her the relief prayed for, cross-complainant prosecutes this appeal upon the judgment-roll alone, claiming that upon the findings she is entitled to judgment.

The court in express terms found that Cunningham did not agree that he would complete the construction and alteration of the building for a sum not exceeding seven thousand four hundred dollars, and, conceding the contract ambiguous in this respect, we must assume the interpretation thereof thus given on the oral evidence introduced to be correct. The provision in the contract to the effect that plaintiff would pay Cunningham ten per cent upon the cost provided the structures were completed for an amount not exceeding seven thousand four hundred dollars, read in connection with the sentence following it that "should he fail to keep within the

above-mentioned maximum cost then no charge shall be made for such superintendence for such excess,'' should not be construed as releasing plaintiff from the obligation to pay the percentage charge on the seven thousand four hundred dollars which he agreed to pay, but that *as to such excess only* no charge should be exacted by Cunningham. To say that, if the building cost five dollars more than the seven thousand four hundred dollars, so specified, Cunningham should receive nothing more for his services would lead to an absurdity. Moreover, it appears that the plans and specifications were modified and changed by plaintiff, and that Cunningham, with the full knowledge of plaintiff, who made the contracts for labor and materials, performed the service of superintending the work without objection from plaintiff until the building and alterations were entirely completed according to these modified plans and specifications.

As to the $421.47 alleged by Cunningham to have been paid out by him under the authority of plaintiff for labor and material used in the construction of the buildings and for which a *personal judgment is asked*, not only is there no sufficient denial of such fact, but the court found the allegations to be substantially true.

The judgment is reversed and the cause remanded, with directions to the court below to enter judgment upon the findings in favor of cross-complainant upon the first cause of action for seven hundred and forty dollars, with the usual decree for the foreclosure of claim of lien therefor filed, together with judgment in favor of cross-complainant and against plaintiff for the sum of $421.47 upon the second cause of action.

Shaw, J., and Sloss, J., concurred.